UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| CAROLYN CUMMINGS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:11 CV 143 |
| MARTIN and BAYLEY, INC. d/b/a HUCK'S STORES, | ) | |
| Defendant. | ) | |

## OPINION and ORDER

This matter is before the court on defendant Martin and Bayley Inc.'s (d/b/a Huck's Stores) motion for summary judgment. Plaintiff Carolyn Cummings has not filed a response, and the period to file a response has long since expired. For the following reasons, that motion is granted.

## I. Background and Facts[1]

On April 4, 2009 plaintiff was traveling to an event in Linton, Indiana, when she stopped to get gas at defendant's gas station. Plaintiff parked her car with her driver's side door next to the pump. When plaintiff got out of the car, she noticed that the gas

---

[1] The following facts come primarily from defendant's statement of facts in its brief in support of its motion for summary judgment. (DE # 24 at 1.) Because plaintiff has not responded to defendant's motion, those facts are deemed admitted for purposes of the motion. FED. R. CIV. P. 56(e)(2). Any additional facts have been taken from plaintiff's deposition testimony, which was submitted by defendant with its motion for summary judgment. (DE # 23-3.) Any facts taken solely from plaintiff's deposition include a citation to that testimony.

hoses were extremely long. (DE # 23-3 at 13-14.) Plaintiff exited her car to begin filling up her tank.

After plaintiff placed the gas nozzle in her car, she moved from the rear of the car, where the nozzle was located, toward the front of the car. Plaintiff wanted to use the windshield squeegee that had been provided by defendant. After retrieving the windshield squeegee, plaintiff headed back toward the rear of her car, stepping over three gas hoses, including the one attached to her car. (DE # 23-3 at 30.) When plaintiff took the windshield squeegee back toward the front of the vehicle, she stepped over the hose that was attached to her car, but her feet got tangled with the other hoses on the ground, and she tripped and injured her shoulder. (DE # 23-3 at 25.)

Plaintiff brought suit against defendant in Indiana state court alleging negligence for failing to warn plaintiff about the hoses, failing to properly install the hoses, and failing to ensure that the hoses were not on the ground. Defendant removed the action to this court. (DE # 2.) Defendant has now moved for summary judgment on plaintiff's claims.

**II. Legal Standard**

FEDERAL RULE OF CIVIL PROCEDURE 56 requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there

2

are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.,* 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

The moving party bears the initial burden of demonstrating that these requirements have been met; it may discharge this responsibility by showing that there is an absence of evidence to support the non-moving party's case. *Carmichael v. Village of Palatine, Ill.,* 605 F.3d 451, 460 (7th Cir. 2010) (citing *Celotex,* 477 U.S. at 323). To overcome a motion for summary judgment, the non-moving party must come forward with specific facts demonstrating that there is a genuine issue for trial. *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). The existence of a mere scintilla of evidence, however, is insufficient to fulfill this requirement. *Id.* (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986)). The nonmoving party must show that there is evidence upon which a jury reasonably could find for him. *Id.*

The court's role in deciding a summary judgment motion is not to evaluate the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson,* 477 U.S. at 249-50; *Doe v. R.R. Donnelley & Sons Co.,* 42 F.3d 439, 443 (7th Cir. 1994). On summary judgment a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder. *Payne v. Pauley,* 337 F.3d 767, 770 (7th Cir. 2003) (citing *Anderson,* 477 U.S. at 255). In viewing the facts presented on a motion for summary judgment, the court must

3

construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Chmiel v. JC Penney Life Ins. Co.,* 158 F.3d 966, 968 (7th Cir. 1998); *Doe,* 42 F.3d at 443. Importantly, the court is "not required to draw *every* conceivable inference from the record [in favor of the non-movant]-only those inferences that are reasonable." *Bank Leumi Le-Israel, B.M., v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991) (emphasis added).

**III. Analysis**

Defendant makes three arguments in its motion for summary judgment. Defendant's final argument, and the only argument the court needs to address to resolve defendant's motion, is that it is entitled to summary judgment because a reasonable person in plaintiff's shoes would have discovered the risk posed by the gas hoses. (DE # 24 at 10-12.) Specifically, defendant argues that it did not breach any duty of care owed to defendant because "it is clear that the plaintiff should have appreciated the risk, and a reasonable person, standing in the shoes of the plaintiff in that exact moment in time, would have been aware of the same, and in that regard, chose [sic] an alternative route." (*Id.* at 12.) Thus, defendant's argument here is twofold: first, that a reasonable person would have recognized the danger posed by the hoses, and second, that a reasonable person would not have walked over the hoses like plaintiff did. The court need only address defendant's first contention to resolve its motion for summary judgment.

To prevail on a claim of negligence under Indiana law, "a plaintiff is required to prove: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant; and (3) an injury to the plaintiff proximately caused by the breach." *Ford Motor Co. v. Rushford*, 868 N.E.2d 806, 810 (Ind. 2007)**.** Plaintiff's negligence suit in this case is based on premises liability. "The law is well established that a person entering upon the land of another comes upon the land as an invitee, a licensee, or a trespasser." *Christmas v. Kindred Nursing Ctrs. Ltd. P'ship*, 952 N.E.2d 872, 878 (Ind. Ct. App. 2011)."As 'a person who [was] invited to enter or remain on the land for a purpose directly or indirectly connected with business dealings with the possessor of the land,'" plaintiff became a business invitee when she arrived at defendant's gas station. *Schulz v. Kroger Co.*, 963 N.E.2d 1141, 1144 (Ind. Ct. App. 2012) (quoting *Burrell v. Meads*, 569 N.E.2d 637, 642 (Ind. 1991)). "A landowner owes the highest duty of care to an invitee, that duty being to exercise reasonable care for the invitee's protection while he is on the premises." *Christmas*, 952 N.E.2d at 880.

Indiana courts look to two sections of the Second Restatement of Torts in determining the duty owed to an invitee. First, Section 343 states:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

*Hale v. SS Liquors, Inc.*, 956 N.E.2d 1189, 1192 (Ind. Ct. App. 2011) (quoting RESTATEMENT (SECOND) OF TORTS § 343 (1965)). All three conditions set out on Section 343 must be met for a defendant to be liable under a premises liability theory of negligence. *Christmas*, 952 N.E.2d at 880. Additionally, Section 343A, which is read in conjunction with Section 343, states in part: "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."[2] *Smith v. Baxter*, 796 N.E.2d 242, 244 (Ind. 2003) (quoting RESTATEMENT (SECOND) OF TORTS § 343A (1965)); *see also Christmas*, 952 N.E.2d at 881. "Thus, while a landowner's duty to a business invitee includes a duty to exercise reasonable care to protect the invitee from foreseeable dangers on the

---

[2] The comments to Section 343A define both known and obvious:

> The word "known" denotes not only knowledge of the existence of the condition or activity itself, but also appreciation of the danger it involves. Thus the condition or activity must not only be known to exist, but it must also be recognized that it is dangerous, and the probability and gravity of the threatened harm must be appreciated. "Obvious" means that both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment.

RESTATEMENT (SECOND) OF TORTS § 343A cmt. b.

premises, there is no duty to insure a business invitee's safety while on the premises." *Schulz v. Kroger Co.*, 963 N.E.2d 1141, 1144 (Ind. Ct. App. 2012).

Several cases are instructive on the application of Sections 343 and 343A to the facts of this case. In *Parojcic v. Bethlehem Steel Corp.*, the plaintiff, an invitee, brought suit against defendant after a pipe broke loose from the ceiling and hit plaintiff while plaintiff was working at a plant owned by the defendant. 128 F.3d 601, 602 (7th Cir. 1997). The district court held a trial, and a jury returned a verdict in favor of the plaintiff. *Id.* at 603. The defendant appealed, arguing that it did not breach its duty as a matter of law. *Id.* The United States Court of Appeals for the Seventh Circuit agreed with the defendant, and reversed the verdict. *Id.* at 605. Specifically, the court looked to the plaintiff's own testimony in determining that defendant "did not breach its duty to [plaintiff] because [defendant] could have reasonably expected that he would discover the danger to which he was exposed and protect himself from it." *Id.* at 604. The Seventh Circuit also noted that "[s]ince the pipe and its condition were plainly visible, [defendant] . . . reasonably could have expected an invitee to notice its existence and the danger it posed." *Id.*

Similarly, in *Crisp v. I/N Tek, L.P.*, the plaintiff, a truck driver, was required to unload his truck by moving a hose across a set of train tracks. No. 3:05-CV-371, 2008 WL 222287, at *1 (N.D. Ind. Jan. 25, 2008). The plaintiff had never unloaded his truck in this way before. *Id.* While crossing the tracks, the plaintiff's foot got caught and the plaintiff fell. *Id.* The plaintiff and his wife filed suit against the defendant, which owned the

7

property where the plaintiff was hurt, alleging that the defendant was negligent "by failing to provide a safe ingress and egress area for business invitees, failing to warn its business invitees of dangerous conditions, and maintaining hazardous conditions." *Id.* at \*2. The defendant moved for summary judgment arguing that it had breached no duty owed to the plaintiff. *Id.* The court agreed:

> [Plaintiff's] testimony establishes that the railroad tracks were readily visible, he was aware of their presence, he knew the rails were raised above ground level, he researched the area before he began working, and he decided to continue his duties despite the presence of the railroad tracks. . . . [Plaintiff's] own statements show that [defendant] couldn't have expected or foreseen that [plaintiff] would fail to protect himself from any danger posed by the railroad tracks at the facility.

*Id.* at \*8-9.

In *Christmas v. Kindred Nursing Centers Ltd. Partnership,* the Indiana Court of Appeals reached a different result. *Christmas*, 952 N.E.2d at 872. In that case, the plaintiff slipped on ice while walking on the sidewalk next to defendant's building. *Id.* at 875. As he approached the sidewalk, the plaintiff noticed that the sidewalk had snow and water on it. *Id.* When plaintiff stepped onto the sidewalk, he believed he was simply stepping in water, but it was in fact ice, and the plaintiff slipped. *Id.* The plaintiff eventually brought suit against the defendant alleging negligent maintenance of the sidewalk. *Id.* The trial court granted the defendant's motion for summary judgment, but the Indiana Court of Appeals reversed that decision. *Id.* at 882.

On appeal, the defendant argued that summary judgment was appropriate because the danger of slipping on ice was known or obvious to the plaintiff, and that a

reasonable person would realize the risk of slipping when coming into contact with snow or water. *Id.* at 881. In rejecting that argument, the Court of Appeals focused on the fact that there was no evidence the plaintiff had seen ice on the sidewalk:

> The designated evidence shows that [the plaintiff] walked through water and snow in [defendant's] parking lot before proceeding onto the sidewalk. There is no designated evidence that the condition of the sidewalk differed from that of the parking lot; indeed, [the plaintiff's] designated evidence indicated that he observed only water and snow on the sidewalk. He also designated evidence to indicate that he fell because the ice was hidden from his view.

*Id.* at 881-82. The court determined that a jury could conclude that the defendant should have expected that the plaintiff would not discover or realize the risk of harm posed by the hidden ice, and therefore, a question of fact remained.

Turning to the case at hand, the undisputed facts show that when plaintiff stepped out of her car at the gas station, she immediately noticed that the gas hoses were longer than usual:

> Q: So you stop at a pump and you get out, get gas, correct?
> A: Correct
> Q: When you got out, did you notice anything on the ground, anything that caught your eye, anything that wasn't supposed to be there?
> A: The gas pumps were extremely long.
> Q: The gas pumps were extremely long?
> A: Not the pumps, I'm sorry. The hoses.

(Plaintiff's Deposition, DE # 23-3 at 13-14.) Additionally, before plaintiff tripped on the hoses, she walked over them at least once:

> Q: Let me narrowly focus my question a little bit there. Did you look on the ground to see if anything was on the ground while you were walking, or was it more one of those situations where you were busy thinking about what you were doing and just looking straight ahead?

9

> A: Well, I knew there were hoses on the ground because I had walked on them once already.

(*Id.* at 25-26.)

> Q: So the first hose was in your car, right?
> A: Correct.
> Q: And the other two were the ones that you say were coiled on the ground?
> A: Correct.
> Q: Okay. So on your journey back from the rear of the car, you would have had to again step over the hose that was in your car, correct?
> A: Right.
> Q: And then once you stepped over that hose is when you got tangled up with the remaining ones that were on the ground?
> A: Coming back to the front of the car, yes.
> Q: These were the same hoses that you stepped over going to the rear of the car?
> A: Correct.

(*Id.* at 30.)

Thus, the facts of this case are very similar to the facts of the *Crisp* case. Like the plaintiff in *Crisp*, who was aware of the presence of the tracks prior to crossing them, plaintiff in this case testified that she knew the hoses were on the ground. Plaintiff also knew that the hoses were longer than normal and had even walked over them at least once before tripping. Additionally, like the pipe in *Parojcic*, the hoses in this case were plainly visible, as they were coiled directly in front of the pump, and plaintiff noticed them immediately upon exiting her vehicle. Moreover, this case can be easily distinguished from the *Christmas* case. In *Christmas*, the plaintiff did not observe the ice prior to stepping on the sidewalk. Here, plaintiff knew that the hoses were on the ground and had actually walked over them at least once prior to tripping.

"A landowner 'is not liable for injuries that are caused by conditions that are known or obvious unless the landowner can anticipate that injury despite the obviousness of the risk.'" *Crisp*, 2008 WL 222287, at *6 (quoting *Carter v. American Oil Co.,* 139 F.3d 1158, 1164 (7th. Cir. 1998). In this case, the undisputed evidence shows that the presence and danger posed by the hoses were known to plaintiff, and would have been obvious to a reasonable person in plaintiff's shoes. Therefore, no reasonable jury could conclude that defendant would expect that an invitee would fail to discover the danger posed by the hoses or would fail to protect themselves against that danger. Thus, there is no evidence that defendant should have anticipated that plaintiff would disregard the risks posed by walking over the gas hoses.[3] Defendant has therefore met

---

[3] Even if defendant could anticipate that plaintiff would get injured despite plaintiff's awareness of the hoses and the obvious risk the hoses posed, defendant would still be entitled to summary judgment. In its brief in support of its motion for summary judgment, defendant argues that plaintiff was contributorily negligent, and therefore cannot recover in this case. (DE # 24 at 12.) After Indiana adopted the Comparative Fault Act, contributory negligence is no longer a complete bar to recovery in most negligence suits. *Indiana Dep't of Ins. v. Everhart,* 960 N.E.2d 129, 138 (Ind. 2012). The Comparative Fault Act does not apply to medical malpractice suits (IND. CODE § 34–51–2–1) or suits against government entities (IND. CODE § 34–51–2–2). In those types of suits, any contributory negligence by the plaintiff is a complete bar to recovery. In all other suits, contributory negligence can be a complete bar to recovery only "if the claimant's contributory fault is greater than the fault of all persons whose fault proximately contributed to the claimant's damages." IND. CODE § 34–51–2–6. Therefore, in this case, plaintiff would be barred from recovering if no reasonable jury could conclude that plaintiff was less than fifty percent at fault for her injuries. *Barnard v. Saturn Corp.*, 790 N.E.2d 1023, 1031 (Ind. Ct. App. 2003). "Fault allocation may be decided as a matter of law only if the evidence is undisputed and the fact finder could reach only one conclusion." *Id.*; *see also Garlach v. Senters*, No. 3:06-CV-502, 2007 WL 1725464, at *5 (N.D. Ind. June 11, 2007).
   In this case, the evidence is undisputed that upon exiting her vehicle plaintiff immediately recognized that the gas hoses were "extremely long." Additionally,

its initial burden on summary judgment. Because plaintiff has not responded to defendant's motion with additional evidence showing defendant breached its duty of care, plaintiff cannot recover under any of her theories of negligence, and summary judgment is appropriate in this case.

IV. Conclusion

For the foregoing reasons, defendant's motion for summary judgment is **GRANTED**. (DE # 22.) Defendant's motion for summary ruling is **DENIED** as moot. (DE # 25.)

There being no claims remaining against defendant in this case, the clerk is directed to **ENTER FINAL JUDGMENT** as follows:

> Judgment is entered in favor of defendant Martin and Bayley Inc. (d/b/a Huck's Stores), and against plaintiff Carolyn Cummings, who shall take nothing by way of her complaint.

**SO ORDERED.**

Date: February 15, 2013

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

---

plaintiff walked over the hoses at least once before tripping. Despite knowing that the hoses were extremely long, and despite having maneuvered over the hoses at least once, plaintiff decided to walk over the hoses again, and was injured after tripping over the hoses. Considering these undisputed facts, no reasonable jury could conclude that plaintiff was less than fifty percent at fault for her injuries.